**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**SIDNEY WELCH, et al.**                                                     **PLAINTIFFS**

**V.**                                                           **NO. 3:18-CV-208-DMB-JMV**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, et al.**                                      **DEFENDANTS**

## ORDER

This insurance dispute is before the Court on State Farm Mutual Automobile Insurance Company's motion to set aside entry of default. Doc. #12.

### I
### Procedural History

On September 25, 2018, Sidney Welch and Shauna Welch, individually and on behalf of M.W.,[1] filed a complaint in the United States District Court for the Northern District of Mississippi against State Farm Mutual Automobile Insurance Company and certain fictitious persons. Doc. #1. In the complaint, the Welches allege that their vehicle, which was insured by State Farm, was struck by an automobile, also insured by State Farm, negligently driven by Linda Toland.[2] *Id*. at 2. The Welches also allege that State Farm wrongly denied them uninsured motorist benefits to which they are entitled under an insurance policy. *Id*. at 3. A copy of the summons and complaint was served on State Farm on October 2, 2018. Doc. #3-1.

On October 24, 2018, the Welches filed a motion for entry of default. Doc. #4. The Clerk of the Court entered default in their favor the next day. Doc. #5. Five days after the entry of default, State Farm filed an answer to the complaint. Doc. #6.

---

[1] Because M.W. is a minor, the Court uses the minor's initials.

[2] The complaint spells this last name as "Tolan" while the affidavit submitted by State Farm's claims specialist spells it as "Toland."

On November 21, 2018, State Farm filed a motion to set aside the default. Doc. #12. The Welches responded in opposition to the motion, one day after the deadline to do so, on December 6, 2018. Doc. #16. State Farm replied on December 12, 2018. Doc. #18.

## II
## Analysis

Pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." "To decide if good cause exists, courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Const. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). Because "[d]efaults are generally disfavored," a motion to set aside an entry of default should be granted "[u]nless it appears that no injustice results from the default …." *Id.* (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984); *In re OCA, Inc.*, 551 F.3d 359, 370–71 (5th Cir. 2008)).

### A. Willfulness

Although the good cause factors are non-exclusive, "[a] finding of willful default ends the inquiry …." *Id.* "A willful default is an 'intentional failure' to respond to litigation." *In re OCA, Inc.*, 551 F.3d at 370 n.32 (quoting *Lacy*, 227 F.3d at 292) (emphasis omitted)). A finding of negligence, in contrast, may warrant setting aside default. *Id.*

"The defendant has the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500–01 (5th Cir. 2015) (citation omitted). Thus, when a defendant fails to explain the reason for its delay, a willful default is presumed. *Id.* Where a reason is offered, "perfection of service is not determinative—the defendant's knowledge of the perfected service, and the defendant's

actions post-service … play a role in measuring the willfulness of [the] default." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008). In the absence of "a legitimate claim of prejudice that would arise from setting aside the default," a court should resolve all doubts in favor of the defaulting party. *Id.*

State Farm argues that its failure to timely answer is not willful. In this regard, State Farm submitted the affidavit of Ronelle Krenke, the claims specialist assigned to the Welches' insurance claim.[3] Doc. #12-4.

Krenke avers that on or about October 1, 2018, he was "alerted" to a fax from Howard Brown, the Welches' counsel, which included a copy of a complaint naming State Farm as a defendant with a note stating that the complaint had not yet been filed. *Id.* at ¶ 8. Later that day, State Farm forwarded the relevant claim file to Robert Moore, the attorney State Farm retained to defend a separate lawsuit brought by the Welches against Toland. *Id.* at ¶¶ 6, 10. Also that day, Krenke called Brown and left a message in which he "restated the offers made [to settle the Toland case] and advised that the defense of Ms. Toland had been assigned to … Moore." *Id.* at ¶ 9.

 State Farm's corporate office received a copy of the summons and complaint on October 4, 2018, two days after the documents were served on State Farm's agent for service. *Id.* at ¶ 15. The same day, Krenke spoke with Moore about the claim file. *Id.* at ¶ 12. Krenke also spoke separately with Brown and informed him that State Farm had determined Toland would not be considered an uninsured motorist. *Id.* During that conversation, Brown informed Krenke that "the complaint had been filed and possibly served." *Id.* at ¶14. Krenke searched State Farm's records but found no evidence that the complaint had been served. *Id.* He then called Moore and left a

---

[3] Krenke's affidavit is the only relevant record evidence of the circumstances surrounding the default.

message stating that the complaint had been filed. *Id.* Krenke could not recall whether he informed Moore that the Welches' attorney reported the complaint had been "possibly served." *Id.*

One day later, on October 5, 2018, a copy of the summons and complaint was "noted" in the claims file. *Id.* at ¶ 15. However, Krenke was not notified of the two documents until October 9, 2019. *Id.* at ¶ 16. That day, Krenke called Moore. *Id.* Moore was unavailable when Krenke called so Krenke left a voice message repeating that the complaint had been filed. *Id.* On October 11, 2018, two days after Krenke left the voice message, Moore called State Farm to "verify the amount of coverage available." *Id.* at ¶ 17. Because Krenke was out of the office, another claims specialist provided this information to Moore. *Id.*

On October 12, 2018, Brown called to speak with Krenke. *Id.* at ¶ 18. Krenke was out of the office so another claims representative offered to speak with Brown. *Id.* Brown stated he "preferred to wait to speak with" Krenke. *Id.*

Two weeks later, on October 24, 2018, Moore wrote to Krenke's team manager "indicating that he had the file materials and was awaiting word that State Farm had been served before answering." *Id.* at ¶ 19. Krenke learned of Moore's correspondence on October 26, 2018, and sent a copy of the summons and complaint to Moore. *Id.* at ¶ 20. Moore filed State Farm's answer four days later. *See* Doc. #6.

The Welches argue that "State Farm's failure to timely answer the Complaint was intentional inasmuch as State Farm and/or its counsel chose to not take seriously it's [sic] obligation to answer as instructed in the summons issued from this Honorable Court." Doc. #17 at 3. Specifically, the Welches contend it is implausible that State Farm's attorney did not receive notice of the service of the summons and complaint until October 26, 2018. *Id.* at 3–4.

While it appears the Fifth Circuit has not provided clear guidance on what type of conduct rises to the level of a willful failure to respond, it has provided guideposts for a court to make this determination. For example, it is clear that a litigant willfully defaults when it receives notice of a lawsuit but takes "no further action to respond or stay abreast of the status of the litigation …." *UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 288 (5th Cir. 2018). This rule applies even if the defendant erroneously believes the complaint does not require an answer. *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). In contrast, a defendant does not act willfully when, despite its belief that no answer is required, it takes actions consistent with an intention to defend or resolve the suit. *See Lacy*, 227 F.3d at 292–93 (no willful default where "counsel for [defendant] made repeated contacts with [plaintiff] in an attempt to resolve the suit" and "made plain its intention not to agree to waiver of service"); *see also Groia*, 542 F.3d at 123–24 ("As the record reflects her contemporaneous intent to claim ownership of the Williamsburg residence, it would be quite strange for [the defendant] to willfully default when doing so would destroy her interest in the home.").

Based on the facts presented, and resolving all doubts in State Farm's favor since the Welches do not raise a claim of prejudice, the Court concludes that State Farm's default did not stem from an intentional failure to respond to the litigation. After learning of the complaint, State Farm forwarded the claim to its attorney and stayed in contact with the Welches' counsel. Over the following weeks, State Farm promptly responded to inquiries from its attorney regarding the litigation, and offered to continue to engage with the Welches' attorney. It appears State Farm's failure to respond may be attributed wholly to Krenke's failure to directly inform Moore that the complaint had been served (instead of merely filed). While this failure may be considered

neglectful, it was not willful. Accordingly, the first factor weighs in favor of setting aside the default.

## B. Prejudice

"[D]elay alone does not constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (quotation marks omitted). The Welches have offered no argument or evidence that they will suffer prejudice as a result of this Court setting aside the default. *See* Doc. #17. Accordingly, the Court concludes this factor weighs in favor of good cause.

## C. Meritorious Defense

Under the third factor, a defendant must provide "definite factual allegations, as opposed to mere legal conclusions, in support of her defense." *Groia*, 542 F.3d at 122. These allegations are "measured not by whether there is a likelihood that [they] will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id*.

State Farm contends it has a meritorious defense because "[t]he Complaint alleges that Toland has $50,000 in liability coverage and alleges that there is $50,000 of uninsured motorist coverage available," and "in order for un(der)insured motorist coverage to trigger, the liability limits for the tortfeasor (here, Toland) must be less than the available un(der)insured motorist coverage – and that situation does not exist." Doc. #13 at 4. State Farm's defense, which is based on the Welches' own allegations, appears meritorious. *See* Miss. Code Ann. § 83-11-103(c)(iii) (defining "uninsured motor vehicle" as "[a]n insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the

limits applicable to the injured person provided under his uninsured motorist coverage").[4] Accordingly, the third factor weighs in favor of a finding of good cause.

### D. Balancing

Because all three factors weigh in favor of a finding of good cause, the Court concludes that good cause exists to set aside the default. Accordingly, State Farm's motion for such relief will be granted.

**III**
**<u>Conclusion</u>**

State Farm's motion to set aside the entry of default [12] is **GRANTED**. The default entered on October 25, 2018, is **VACATED**.

**SO ORDERED**, this 7th day of May, 2019.

/s/Debra M. Brown_____
**UNITED STATES DISTRICT JUDGE**

---

[4] The relevant statute provides four additional definitions of uninsured motor vehicle. *See* Miss. Code Ann. § 83-11-103(c). However, it does not appear the Welches' complaint, which seems to rely on the inadequacy of Toland's coverage, implicates any of the other definitions.